Kyle Chen (SBN 239501)
kchen@gtlaw.com
**GREENBERG TRAURIG, LLP**
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 289.7887
Facsimile: (650) 328.8508

Mark R. Weinstein (SBN 193043)
mweinstein@cooley.com
Reuben H. Chen (SBN 228725)
rchen@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

*Attorneys for Plaintiffs*
*Cooler Master Co., Ltd. and CMI USA, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COOLER MASTER CO., LTD. and CMI USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ASETEK DANMARK A/S,<br><br>Defendant. | CASE NO. 3:21-cv-4627<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Cooler Master Co., Ltd. ("CMC") and CMI USA, Inc. ("CMI") (collectively "Cooler Master") file this Complaint against Defendant Asetek Danmark A/S ("Asetek") seeking declaratory judgment of non-infringement as to U.S. Patent Nos. 8,240,362 (the "'362 patent"), 8,245,764 (the "'764 patent"), 9,733,681 (the "'681 patent"), 10,078,354 (the "'354 patent"), 10,078,355 (the "'355 patent"), 10,599,196 (the "'196 patent"), and 10,613,601 (the "'601 patent") (collectively, "patents-in-suit"). Cooler Master states as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of non-infringement of the patents-in-suit and for such other relief as the Court deems just and proper.

## THE PARTIES

2. Plaintiff CMC is a Taiwanese corporation with a principal place of business at 9F, No. 788-1, Zhongzheng Rd., Zhonghe Dist., New Taipei City 23586, Taiwan, R.O.C.

3. Plaintiff CMI is a California corporation with a principal place of business at 2929 East Imperial Highway, Suite 110, Brea, California 92821.

4. On information and belief, Defendant Asetek is a Denmark corporation with a principal place of business at Assensvej 2, DK-9220 Aalborg East, Denmark.

5. On information and belief, Asetek is the assignee of the patents-in-suit.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. An actual and justiciable controversy exists between Cooler Master and Asetek as to the non-infringement of the patents-in-suit. This is at least because Asetek has recently accused a Cooler Master liquid cooling device of infringing "Asetek's U.S. Patents 8,240,362, 8,245,764, and other patents" in a letter sent to HP, Inc. ("HP") and has attempted to enforce a previously entered consent judgment against Cooler Master in this District regarding the '764 patent (*see generally* ECF No. 400).

8. This Court has personal jurisdiction over Asetek because it has directed and continues to

direct acts to this District, including acts pertaining to the patents-in-suit. Asetek has, at least, purposefully directed its enforcement activities related to the patents-in-suit into the Northern District of California.

9. Asetek's threatening behavior with respect to Cooler Master started at least in 2016, during which Asetek's counsel accused certain Cooler Master products of violating an injunction entered in this District following a 2014 jury trial that had taken place before Judge Tigar. (*See generally Asetek Danmark A/S v. CMI USA, Inc.*, Case No. 3:13-cv-00457-JST (N.D. Cal.)). Asetek's counsel also requested product samples from Cooler Master in this District for evaluation in light of the injunction, which were then provided to Asetek's counsel in this District. *See id.*

10. Asetek revived its threatening behavior with respect to Cooler Master in September 2020 when it sent a letter to Cooler Master's customer HP, accusing a Cooler Master liquid cooling device included in HP products of infringing the '362, '764, and other patents-in-suit and falling within the scope of the above-mentioned injunction (*see id.*, ECF No. 399). HP, which has its principal place of business in this District, forwarded the letter to Cooler Master, which reached out to Asetek shortly after its receipt. Counsel for Asetek and Cooler Master subsequently met-and-conferred during October 2020 in connection with the letter, wherein Asetek maintained its threats with respect to certain Cooler Master products, confirming an actual and justiciable controversy giving rise to the need for declaratory judgment relief.

11. Asetek has also recently filed a motion for contempt regarding the '764 patent in this District, seeking to enforce the above-mentioned injunction. (*See generally Asetek Danmark A/S v. CMI USA, Inc.*, Case No. 3:13-cv-00457-JST (N.D. Cal.), ECF No. 400.) If Asetek does not prevail on that motion (which should be the result), Cooler Master will remain under a threat of litigation from Asetek as it may remain free to pursue its infringement allegations though a new lawsuit.

12. Aside from its purposeful conduct directed to this District, which gave rise to the present declaratory judgment action, Asetek has consented to personal jurisdiction in this District by initially filing suit during 2013 against Cooler Master in this District, by prosecuting the suit through judgment in this District, and by more recently attempting to enforce a consent judgment in this District, which had also been negotiated between Cooler Master and Asetek as part of their settlement, and then entered by the Court, in this District. (*See Asetek Danmark A/S v. CMI USA, Inc.*, Case No. 3:13-cv-00457-JST (N.D. Cal.), ECF No. 16, ¶ 6 ("Asetek admits the allegations of paragraph 6" in ECF No. 15, ¶ 6, which states:

"Asetek has invoked the jurisdiction of this Court to bring claims for patent infringement against Cooler Master and others and is therefore subject to personal jurisdiction in this judicial district.").)

13.     Asetek has also recently produced an expert witness to Cooler Master's counsel located in this District for deposition, and has noticed a deposition of Cooler Master's expert located in this District, with both depositions relating to Asetek's attempted enforcement of the injunction in this District.

14.     For the foregoing reasons, this Court has personal jurisdiction over and proper venue for Asetek because it has purposefully availed itself of the benefits of California law and has more than sufficient minimum contacts with California, including those within this District, such that this declaratory judgment action meets the requirements of California's long-arm statute and the U.S. Constitution's due process clause.

15.     Asetek has also consented to venue in this District because Asetek has admitted that this District is a proper venue for litigating at least the '362 and '764 patents. (*See id.*, ECF No. 16, ¶ 7 ("Asetek admits the allegations of paragraph 7" in ECF No. 15, ¶ 7, which states: "To the extent venue is proper in this judicial district for the resolution of Asetek's claims, venue is proper with respect to Cooler Master's Counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).").)

16.     Asetek has also recently initiated lawsuits to litigate the patents-in-suit in this District. (*See, e.g.*, N.D. Cal. Case No. 3:19-cv-00410-EMC (currently pending), ECF No. 1, ¶ 1, ECF 212, ¶ 1.) Asetek has also in the past asserted patents among the patents-in-suit against at least Corsair Gaming, Inc. (N.D. Cal. Case No. 3:20-cv-06541-EMC (currently pending)), Asia Vital Components Co., Ltd. (N.D. Cal. Case No. 4:16-cv-07160-JST (closed April 17, 2019), and Newegg Inc. (N.D. Cal. Case No. 3:13-cv-00457 (closed October 23, 2017)). Thus, this District is convenient for Asetek to litigate the patents-in-suit.

17.     For these reasons and the reasons set forth below, a justiciable controversy exists between the parties, which is of sufficient immediacy and reality to warrant declaratory relief in this District.

**THE PATENTS-IN-SUIT**

18.     On information and belief, the patents-in-suit consist of two patent families, each claiming priority to either the '362 patent or the '764 patent. Specifically, the '354 and '601 patents claim priority to the '362 patent (collectively, the "'362 patent family"), and the '681, '355, and '196 patents claim priority to the '764 patent (collectively, the "'764 patent family").

**THE PARTIES' DISPUTE CONCERNING THE PATENTS-IN-SUIT**

19. Trial in an earlier case between Asetek and CMI ended in late 2014 with a finding of infringement with respect to certain then-existing CMI products. (*See Asetek Danmark A/S v. CMI USA, Inc.*, Case No. 3:13-cv-00457-JST (N.D. Cal.), ECF No. 219 (Final Jury Verdict Form), at 2.) An injunction was entered against Cooler Master, which CMI appealed to the Federal Circuit.

20. With assistance by new counsel, Cooler Master proceeded to redesign its cooling products so they would not infringe Asetek's patents and would thereby fall outside the scope of the injunction.

21. During 2016, the parties met and conferred regarding a redesign by Cooler Master. Counsel for Cooler Master explained its non-infringement position with respect to the redesign, and detailed why the redesigned products were different from the products at issue in the 2014 trial, and why the redesigned products did not infringe. In July 2016, Cooler Master's counsel provided Asetek's counsel with a redesign prototype prior to its implementation into production for Asetek's evaluation in view of the injunction.

22. The Federal Circuit subsequently vacated the injunction against CMC and remanded the case. The parties then settled under a consent judgment approved by the Court in 2017, which stated that "[n]o liability of CMC has been established against or admitted by CMC, but to resolve the case and to conserve resources, CMC agrees to be bound by" the prior injunction. (*See id.*, ECF No. 399.)

23. The parties had not communicated since the entry of the consent judgment until after September 2020 when Asetek sent the above-mentioned letter to HP, claiming that a Cooler Master provided liquid cooling device included in HP products infringed the '362, '764, and other patents-in-suit and was subject to the injunction. HP forwarded the letter to Cooler Master, which forwarded the letter to Cooler Master's counsel on October 12, 2020. The next day, Cooler Master's counsel initiated and conducted a meet-and-confer with Asetek's counsel, reaffirming the same position that Cooler Master's counsel had presented more than four years back. Asetek's counsel disagreed with Cooler Master's counsel with respect to the non-infringement position and maintained that the Cooler Master provided liquid cooling device included in the HP products infringed.

24. On May 10, 2021, Asetek filed a motion for contempt sanctions based on the consent judgment, in which Asetek alleged that Cooler Master was infringing the '764 patent. (*See generally Asetek Danmark A/S v. CMI USA, Inc.*, Case No. 3:13-cv-00457-JST, ECF No. 400.) In particular, the

motion accuses Cooler Master's "liquid coolers in the HP, Lenovo, and potentially other computers," including without limitation the "HP Omen Liquid Cooler" and the "Lenovo Legion T730 Liquid Cooler" of infringing the '764 patent. (*See id.* at 8-9, 19.)

25.  Before filing the motion, Asetek had recently asserted patents in both the '764 and '362 patent families against various parties, such as CoolIT Systems, Inc. (N.D. Cal. Case No. 3:19-cv-00410-EMC (currently pending)), Corsair Gaming, Inc. (N.D. Cal. Case No. 3:20-cv-06541-EMC (currently pending)), Shenzhen Apaltek Co., Ltd. (W.D. Tex. Case No. 6:21-cv-00501 (currently pending)), Asia vital Components Co., Ltd. (N.D. Cal. Case No. 4:16-cv-07160-JST (closed April 17, 2019), and Newegg Inc. (N.D. Cal. Case No. 3:13-cv-00457 (closed October 23, 2017)).

26.  In light of Asetek's litigious history with respect to the patents-in-suit, which include both the '764 and '362 patent families, and further in view of the motion and the letter to HP, as well as Asetek's prior suit against Cooler Master (N.D. Cal. Case No. 3:13-cv-00457-JST), in which Asetek's pending motion is accusing Cooler Master of infringement, Cooler Master has been placed in a reasonable apprehension of suit by Asetek under the patents-in-suit. As noted, in the event Asetek does not prevail on that motion (which should be the result), Cooler Master will remain under a cloud of threatened litigation from Asetek as it may remain free to pursue infringement though a new action. This cloud would be exacerbated by Asetek's history of long delays or periods of inactivity with respect to its infringement allegations. For example, as detailed above, Asetek first threatened Cooler Master with respect to the redesigned products in 2016, but subsequently dropped the matter until September 2020. This lingering cloud confirms the actual and justiciable controversy giving rise to the need for declaratory judgment relief.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the Patents-in-Suit)**

27.  Cooler Master incorporates each preceding paragraph by reference.

28.  Cooler Master has not infringed and does not infringe any claim of the patents-in-suit directly or indirectly, either literally or under the doctrine of equivalents.

29.  Asetek nevertheless disagrees and has continued to assert that certain Cooler Master products infringe the '362, '764, and other patents-in-suit.

30.  An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between

Cooler Master and Asetek concerning non-infringement of the patents-in-suit.

31. Cooler Master is therefore entitled to a declaratory judgment that it has not infringed the patents-in-suit, directly or indirectly, either literally or under the doctrine of equivalents.

32. A judicial declaration is necessary and appropriate so that Cooler Master may ascertain its rights regarding the claims of the patents-in-suit.

**PRAYER FOR RELIEF**

WHEREFORE, Cooler Master respectfully requests the following relief:

A. That the Court enter a judgment declaring that neither Cooler Master nor any of the Cooler Master products has infringed nor is infringing any claim of the patents-in-suit, directly or indirectly, either literally or under the doctrine of equivalents;

B. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award to Cooler Master its costs, expenses, and reasonable attorneys' fees incurred in this action;

C. That the Court award Cooler Master any and all other relief to which Cooler Master may show itself to be entitled; and

D. That the Court award Cooler Master any other relief it may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Civil Local Rule 3-6, Cooler Master demands a trial by jury on all issues and claims so triable.

///

///

///

| | |
|---|---|
| DATED: June 16, 2021 | GREENBERG TRAURIG, LLP/COOLEY LLP |
| | By:   /s/ Kyle D. Chen |
| | Kyle Chen (SBN 239501)<br>kchen@gtlaw.com<br>**GREENBERG TRAURIG, LLP**<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Telephone: (650) 289.7887<br>Facsimile: (650) 328.8508 |
| | Mark R. Weinstein (SBN 193043)<br>mweinstein@cooley.com<br>Reuben H. Chen (SBN 228725)<br>rchen@cooley.com<br>**COOLEY LLP**<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone:   (650) 843-5000<br>Facsimile:   (650) 849-7400 |
| | *Attorneys for Plaintiffs*<br>*Cooler Master Co., Ltd. and CMI USA, Inc.* |