1  Robert F. McCauley (SBN 162056)
   robert.mccauley@finnegan.com
2  Arpita Bhattacharyya (SBN 316454)
   arpita.bhattacharyya@finnegan.com
3  **FINNEGAN, HENDERSON, FARABOW,**
     **GARRETT & DUNNER, LLP**
4  3300 Hillview Avenue
   Palo Alto, California 94304
5  Telephone:   (650) 849-6600
   Facsimile:   (650) 849-6666
6
7  *Attorneys for Defendant and Counterclaimant*
   *ASETEK DANMARK A/S*
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| COOLER MASTER CO., LTD. AND CMI USA, INC.,<br><br>        Plaintiffs and Counterdefendant<br><br>        v.<br><br>ASETEK DANMARK A/S,<br><br>        Defendant and Counterclaimant. | CASE NO. 4:21-cv-04627-HSG<br><br>**DEFENDANT AND COUNTERCLAIMANT ASETEK DANMARK A/S'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date:       May 12, 2022<br>Time:       2:00 p.m.<br>Location:  Courtroom 2, 4th Floor<br>Judge:     Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 12, 2022, at 2:00 p.m. in Courtroom 2, located on the 4th Floor of the above-entitled court at 1301 Clay Street, Oakland, California, or a soon thereafter as the matter may be heard before Honorable Haywood S. Gilliam, Jr., Asetek Danmark A/S will and hereby does move for an Order staying this case.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Arpita Bhattacharyya and the exhibits thereto, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present, and any other matters of which this Court may take judicial notice.

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND.................................................................................................1

III. ARGUMENT..........................................................................................................................4

    A. This Case Is in Its Infancy, With No Schedule and No Discovery or Claim Construction, Which Strongly Favors a Stay............................................................5

    B. Resolution of the Already-Pending IPRs, Federal Circuit Appeals, and CoolIT Trial Will Simplify the Issues Raised by Cooler Master in this Case ......................7

    C. Cooler Master's Actions Demonstrate That It Will Not Be Unduly Prejudiced by A Stay....................................................................................................................8

IV. CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*,
    No. 17-CV-07289-LHK, 2018 WL 4859167 (N.D. Cal. Sept. 28, 2018).................................6, 10

*Apple Inc. v. IXI IP, LLC*,
    No. 19-CV-06769-HSG, 2021 WL 389214 (N.D. Cal. Jan. 26, 2021)..............................................5

*Asetek Danmark A/S v. CMI USA Inc.*,
    852 F.3d 1352 (Fed. Cir. 2017)......................................................................................................2

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)......................................................................................................5

*Evolutionary Intel., LLC v. Millenial Media, Inc.*,
    No. 13-CV-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014)..........................................5

*Evolutionary Intel. LLC v. Apple, Inc.*,
    No. 13–CV–04201 WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014).........................................7, 8

*Ho Keung Tse v. Apple Inc.*,
    No. 06-CV-06573 SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007)............................................5

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
    No. 16-CV-02787-WHO, 2018 WL 2971159 (N.D. Cal. June 13, 2018)......................................6

*In re Koninklijke Philips Pat. Litig.*,
    No. 18-CV-01885-HSG, 2019 WL 11499521 (N.D. Cal. Nov. 13, 2019).....................................5

*Neodron, Ltd. v. Lenovo Grp., Ltd.*,
    No. 19-CV-05644-SI, 2020 WL 5074308 (N.D. Cal. Aug. 27, 2020) ......................................7, 8

*Oyster Optics, LLC v. Ciena Corp.*,
    No. 20-CV-02354-JSW, 2021 WL 4027370 (N.D. Cal. Apr. 22, 2021) ........................................5

*PersonalWeb Tech., LLC v. Apple Inc.*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014) ...............................................................................5, 6, 7, 8

*Software Rights Archive, LLC v. Facebook, Inc.*,
    No. 12-CV-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013)...................................8, 9

*Symantec Corp. v. Zscaler, Inc.*,
    No. 17-CV-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018)..........................................8

*Trusted Knight Corp. v. Int'l Bus. Machines Corp.*,
    No. 19-CV-01206-EMC, 2020 WL 5107611 (N.D. Cal. Aug. 31, 2020) ..................................5, 8

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*,
   No. 18-CV-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) ..........................................6

I.  INTRODUCTION

Of the seven Asetek patents Cooler Master included in its declaratory judgement complaint, six are involved in *inter partes* review (IPR) proceedings or district court litigation between CoolIT Systems, Inc. and Asetek. Specifically, CoolIT—who is represented by the same counsel as DJ Plaintiff Cooler Master in this case—has filed IPRs challenging five of the seven patents. Three of those IPRs have already progressed through final written decision and are currently on appeal at the Federal Circuit. Two other IPRs are currently instituted and final written decisions are expected in December 2022. And the validity of the two patents in the ongoing IPRs and a sixth Asetek patent, which CoolIT was estopped from challenging via IPR, will be litigated in a jury trial this July before this district's Judge Edward Chen. By the end of this year, Asetek and Cooler Master will have a much better idea of which of CoolIT's challenges were successful (if any) and which patent claims remain to be addressed in this lawsuit.

To promote judicial efficiency, courts routinely stay patent cases if some of the asserted patent claims are involved in IPR proceedings. When determining if a stay is appropriate, courts look at three factors: (1) the stage of the proceedings, (2) the potential for simplification of the issues, and (3) the existence of undue prejudice. Here, all three factors strongly favor a stay. This case is in its infancy, with no discovery, no claim construction, and no case schedule or trial date. There is significant potential for simplification of the issues, because the parties will not need to litigate any patent claim that is invalidated in other proceedings, and the Court will gain valuable insight from the PTAB on the claims that remain. Finally, Cooler Master will not suffer undue prejudice from being permitted to continue infringing Asetek's patents, and regardless, delay alone does not constitute prejudice. Moreover, Cooler Master has not shown any urgency in prosecuting this action to date.

Asetek respectfully requests that the Court grant this motion and stay this case pending the resolution of CoolIT's IPRs and the Asetek v. CoolIT jury trial in July.

II.  FACTUAL BACKGROUND

This is not the first time Asetek and Cooler Master have appeared in this district concerning Cooler Master's infringement of Asetek's patents. *See generally Asetek Danmark A/S v. CMI USA,*

*Inc. and Cooler Master Co., Ltd.*, No. 3:13-cv-00457-JST (N.D. Cal.). In a jury trial before Judge Jon Tigar in December 2014, the jury awarded Asetek damages against CMI USA at a 14.5% royalty (*id.*, Dkt. 219), and the Federal Circuit affirmed on validity, infringement, and damages (*Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352 (Fed. Cir. 2017)). Following the Federal Circuit's decision, Cooler Master agreed to be bound by an injunction prohibiting sales of the products at issue in that lawsuit. Bhattacharyya Decl.,[1] ¶ 3. But Cooler Master has continued to sell infringing products.

In September 2020, Asetek sent a letter to HP, Inc.—one of Cooler Master's customers—informing HP that Asetek believed that certain products HP was buying from Cooler Master infringe Asetek's '362, '764, and other patents. Bhattacharyya Decl., ¶ 4. Asetek's and Cooler Master's counsel conferred regarding those allegations on October 12, 2020. *Id.* Asetek later filed a motion for contempt sanctions asserting that Cooler Master was infringing Asetek's '764 patent. *Id.* A month after Asetek filed that motion—and eight months after counsel for the parties conferred regarding Cooler Master's sales to HP—Cooler Master filed its complaint seeking declaratory judgement in this action. Dkt. 1 (dated June 16, 2021).

Although Cooler Master filed its declaratory judgement complaint in June 2021, Cooler Master did not notify Asetek of that complaint for three months, much less attempt to serve the complaint on Asetek. Bhattacharyya Decl., ¶ 5. During that three-month period, the parties had been actively briefing Asetek's contempt motion, and counsel for the parties attended a hearing in person before Judge Tigar on July 27, 2021. Bhattacharyya Decl., ¶ 6. Yet, neither Cooler Master nor its counsel mentioned the filing of this action during that time. *Id.* Cooler Master first notified Asetek of this action on September 7, 2021 (Bhattacharyya Decl., Ex. 1), at which point the parties agreed that Asetek would have until December 3, 2021 to respond to the complaint. Dkt. 15.

---

[1] Citations to "Bhattacharyya Decl." refer to the Declaration of Arpita Bhattacharyya in Support of Defendant and Counterclaimant Asetek Danmark A/S's Motion to Stay, and the exhibit thereto, submitted concurrently with this motion.

According to its complaint in this case, Cooler Master seeks a declaration of non-infringement of seven Asetek patents.[2] As noted in the parties' Joint Case Management Statement, Asetek believes the Court has subject matter jurisdiction over only two of the seven patents in Cooler Master's complaint (i.e., the '362 and '764 patents), but not the other five. For that reason, Asetek recently answered and counterclaimed for infringement of only the '362 and '764 patents. Dkt. 20. This case is in the earliest stages. No discovery has been served and claim construction has not yet begun. Bhattacharyya Decl., ¶ 7. The Court conducted its initial Case Management Conference just two weeks ago. No case schedule has been proposed and there currently is no trial date. *Id.*

Of the seven Asetek patents for which Cooler Master seeks a declaration of non-infringement, all but the '362 and '764 patents are either in instituted IPRs or in appeals before the Federal Circuit.[3] The status of the IPR proceedings are summarized in the following table:

| Patent | Claims Challenged | IPR Challenges | Institution Dates |
|---|---|---|---|
| '681 | 1 and 4 (claims 8-16 disclaimed) | CoolIT Systems, Inc. (IPR2020-00524) challenging 1 and 4 | Final Written Decision issued Aug. 19, 2021; Appealed by CoolIT on Oct. 21, 2021 |
| '354 | 1, 4, 8, 14, 15, 19 | CoolIT Systems, Inc. (IPR2020-00523) challenging 1, 4, 8, 14, 15, 19 | Final Written Decision issued Aug. 19, 2021; Appealed by Asetek on Oct. 13, 2021 |
| '355 | 1, 2, 5, 6, 8, 10, 11, 13 | CoolIT Systems, Inc. (IPR2020-00522) challenging 1, 2, 5, 6, 8, 10, 11, 13 | Final Written Decision issued Aug. 19, 2021; Appealed by Asetek on Oct. 13, 2021 |
| '196 | 1 and 2 (claims 3-19 disclaimed) | CoolIT Systems, Inc. (IPR2021-01196) challenging 1 and 2 | December 28, 2021 – <br>• Claims 1, 2 – Instituted <br>• Claims 3-19 – Disclaimed by Asetek |
| '601 | 1, 6, 7, 11-12 (claims 2-5, 8-10, and 13-16 disclaimed) | CoolIT Systems, Inc. (IPR2021-01195) challenging 1, 6, 7, 11-12 | December 28, 2021 – <br>• Claims 1,6,7,11,12 – Instituted <br>• Claims 2-5, 8-10, 13-16 – Disclaimed by Asetek |

---

[2] U.S. Patent Nos. 8,240,362 ("the '362 patent"), 8,245,764 ("the '764 patent"), 9,733,681 ("the '681 patent"), 10,078,354 ("the '354 patent"), 10,078,355 ("the '355 patent"), 10,599,196 ("the '196 patent"), and 10,613,601 ("the '601 patent") (collectively, "patents-in-suit").

[3] Cooler Master's counsel in this action, Kyle Chen, has appeared as counsel on behalf of CoolIT in all five IPRs filed by CoolIT.

In its final written decision concerning Asetek's '681 patent, the PTAB found none of the challenged claims unpatentable, but CoolIT appealed that decision on October 21, 2021. Bhattacharyya Decl., ¶ 8. In its final written decisions concerning Asetek's '354 and '355 patents, the PTAB found all of the challenged claims unpatentable, but Asetek appealed those decisions on October 13, 2021. *Id.* Asetek expects those appeals will be completed this year or early next year. *Id.* Asetek also expects that the PTAB will issue final written decisions in the IPRs concerning Asetek's '196 and '601 patents by the end of this year, consistent with statutory requirements.

In addition, Asetek's '196 and '601 patents, as well as a sixth Asetek patent—the '362 patent—are currently scheduled to go to trial in this district before Judge Edward Chen in July 2022. *See Asetek Danmark A/S v. CoolIT Systems, Inc. and Corsair Gaming, Inc. et al*, No. 3:19-cv-00410-EMC (N.D. Cal.); Bhattacharyya Decl., ¶ 9. Validity and infringement of the '362, '196, and '601 patents are at issue in that case.[4]

All seven Asetek patents in Cooler Master's complaint belong to just two patent families. Bhattacharyya Decl., ¶ 10. The first patent family includes the '362, '354, and '601 patents. All three patents have the same specification. *Id.* The second patent family includes the '764, '681, '355, and '196 patents. Each of the patents in the '764 patent family also has the same specification, and the specification is similar to that of the '362 patent family, albeit with additional disclosures and embodiments. *Id.* All of the Asetek patents cover similar technology pertaining to liquid cooling devices for computers. *Id.*

## III.     ARGUMENT

District courts have "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a USPTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). This court has noted that "[a] stay is particularly justified where the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Trusted Knight Corp. v.*

---

[4] Cooler Master's counsel in this case—Kyle Chen and Reuben Chen—are CoolIT's counsel in that action as well. CoolIT recently filed a motion to stay pending IPR review which will be heard on February 10, 2022. Bhattacharyya Decl., ¶ 9. With trial scheduled for July, Judge Chen previously indicated that CoolIT's motion was "going to be an uphill battle." *Id.*

*Int'l Bus. Machines Corp.*, No. 19-CV-01206-EMC, 2020 WL 5107611, at *1 (N.D. Cal. Aug. 31, 2020) (citing *Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 13-CV-04206-EJD, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014)). Courts consider three factors in determining whether to grant a stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Apple Inc. v. IXI IP, LLC*, No. 19-CV-06769-HSG, 2021 WL 389214, at *1 (N.D. Cal. Jan. 26, 2021). Courts in this district have often recognized "a liberal policy in favor of granting motions to stay." *Id.* Determining whether to issue a stay is "always within the court's discretion." *Id.*; *see also Oyster Optics, LLC v. Ciena Corp.*, No. 20-CV-02354-JSW, 2021 WL 4027370, at *1 (N.D. Cal. Apr. 22, 2021) ("The determination of whether to grant a stay pending the outcome of the USPTO's reexamination is soundly within the Court's discretion."). Here, all three factors weigh strongly in favor of staying this case.

### A. This Case Is in Its Infancy, With No Schedule and No Discovery or Claim Construction, Which Strongly Favors a Stay

In assessing this first factor, courts have commonly considered (1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date. *See PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (collecting cases); *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2019 WL 11499521, at *1 (N.D. Cal. Nov. 13, 2019). "A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Ho Keung Tse v. Apple Inc.*, No. 06-CV-06573-SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007); *see also Trusted Knight*, 2020 WL 5107611, at *2 (noting that "[m]any cases emphasize that—where discovery has not yet occurred—the first factor weighs in favor of a stay). This case is indisputably in a very early stage. The parties have not engaged in any fact or expert discovery. Bhattacharyya Decl., ¶ 7. No infringement or invalidity contentions have been exchanged. *Id.* The claim construction process has not begun. *Id.* No substantive or dispositive motions have been filed. *Id.* No case schedule has been proposed—let alone entered by the Court— and there is no trial date. *Id.* This case is in its infancy, and so this factor weighs strongly in favor of

a stay. *See Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-07289-LHK, 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018) (granting stay where case was in its infancy).

Moreover, even in cases that are much more advanced than here, courts in this district have often found the first factor favors a stay. *See Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161, at *3 (N.D. Cal. Apr. 29, 2019) (discussing cases where this factor weighed in favor of a stay despite that the parties had invested more resources and moved closer to resolution). In *PersonalWeb Technologies*, for example, the court found this factor weighed in favor of a stay, despite that (1) over 100 requests for production had been exchanged, (2) over 500,000 pages of documents had been produced, (3) over 50 interrogatories had been propounded and responded to, (4) a dozen depositions had been taken, and (5) the judicial system had already expended significant resources, including the issuance of a claim construction order. *See PersonalWeb Techs.*, 69 F. Supp. 3d 1022 at 1026. In finding this factor nevertheless weighed in favor of a stay, the court explained that although much had been done, much remained, including the totality of expert discovery and dispositive motion practice, and a trial date had not been set. *Id.* Similarly, in *Huawei Technologies, Co. v. Samsung Electronics Co.*, No. 3:16-CV-02787-WHO, 2018 WL 2971159 (N.D. Cal. June 13, 2018), the court found "this case is not so far advanced that a stay would be improper," even though fact discovery was closed and expert reports had already been served. *Id.* at *4. If the first factor can weigh in favor of a stay in cases as far along as *PersonalWeb* and *Huawei*, the factor strongly weighs in favor of a stay here, where nothing of substance has occurred and there is no case schedule or trial date. Paradoxically, Cooler Master's counsel (who also represent CoolIT in the case set for trial in July 2022) are seeking to stay the CoolIT case pending resolution of the IPRs against the '601 and '196 patent, even though that case is very close to trial and the only substantive tasks remaining are dispositive motions and pre-trial work. *See Asetek Danmark A/S v. CoolIT Systems, Inc. and Corsair Gaming, Inc. et al*, No. 3-19-cv-00410-EMC (N.D. Cal.), Dkt. Nos. 350, 356, and 364.

Accordingly, the first factor weighs strongly in favor of a stay.

**B.     Resolution of the Already-Pending IPRs, Federal Circuit Appeals, and CoolIT Trial Will Simplify the Issues Raised by Cooler Master in this Case**

All but one of the seven Asetek patents in this declaratory judgement action are already involved in other proceedings, the resolution of which will simplify the issues for this court. Specifically, five of the seven patents Cooler Master included in this action—Asetek's '681, '354, '355, '196, and '601 patents—were challenged in IPRs filed by CoolIT. The PTAB issued final written decisions in three of those IPRs (concerning the '681, '354, and '355 patents), and those decisions are on appeal before the Federal Circuit. Bhattacharyya Decl., ¶ 8. For the other two patents (the '196 and the '601 patents), IPR was instituted on December 28, 2021 and final written decisions are expected by the end of this year. *Id.* The PTAB proceedings will become part of the file history of the Asetek patents.

Moreover, the validity of Asetek's '196 and '601 patents, as well as a sixth Asetek patent—Asetek's '362 patent—will be tried before a jury this July. Thus, a majority of the patents Cooler Master brought into this action are involved in already-instituted IPRs, appeals therefrom, and/or imminent jury trial, which strongly favors a stay. *See Neodron, Ltd. v. Lenovo Grp.*, Ltd., No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020) (factor weighed in favor of a stay where the patents pending IPR made up a majority of the asserted patents); *PersonalWeb Techs.*, 69 F. Supp. 3d at 1027 ("A stay is favored where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'") (quoting *Evolutionary Intelligence LLC v. Apple, Inc.*, No. 13–CV–04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)).

In all likelihood, the issues Cooler Master has raised concerning these patents will either become moot (if some patent claims are invalidated) or the court will have the benefit of the findings of the PTAB and the jury/Judge Chen when resolving the issues in this action. As noted in *PersonalWeb Technologies*, "[u]nder both outcomes, the issues in question and trial of the case will be simplified." 69 F. Supp. 3d 1022 at 1028.

Although one patent—Asetek's '764 patent—is not currently involved in IPR proceedings or the litigation pending before Judge Chen, it is not necessary that all asserted claims be subject to IPR

for this factor to weigh in favor of a stay. *Id.*, *see also Evolutionary Intelligence*, 2014 WL 2735185, at *2 ("it is of no moment that not all of the asserted claims of the [ ] patent are subject to the IPR."); *Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04426-JST, 2018 WL 3539267, at *2 (N.D. Cal. July 23, 2018) (quoting *Evolutionary Intelligence* and noting that the court will benefit even if the IPR does not result in any cancelled claims).

With the likelihood that resolution of the already pending IPRs, appeals, and CoolIT trial will moot or simplify the issues and trial of the case here, the second factor strongly weighs in favor of a stay.

### C. Cooler Master's Actions Demonstrate That It Will Not Be Unduly Prejudiced by A Stay

The pending IPRs and CoolIT case are already at a relatively advanced stage—the final written decisions on the pending IPRs are expected in December 2022, the Federal Circuit appeals will likely be completed by early next year, and the jury trial before Judge Chen is scheduled for July 2022. Thus, Asetek is only requesting a stay for approximately a year. Cooler Master will not be unduly prejudiced by a stay of about a year as evidenced by Cooler Master's lack of urgency in initiating or prosecuting this action. Accordingly, the third factor also weighs in favor of a stay.

This court has consistently held that the party asserting prejudice must make a specific showing of prejudice beyond the delay inherent in any stay. *See PersonalWeb*, 69 F. Supp. 3d at 1029 ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."); *Trusted Knight*, 2020 WL 5107611, at *5 (same); *Neodron*, 2020 WL 5074308, at *2; *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-CV-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish undue prejudice."). Cooler Master must provide something more than a general preference that the litigation be resolved quickly to establish undue prejudice.

Moreover, Cooler Master's actions in prosecuting this action undercut any claim of urgency or prejudice that Cooler Master might now assert. First, as detailed in Cooler Master's complaint, Asetek informed HP of Cooler Master's infringement in September 2020, almost a year and a half ago. Dkt. 1, ¶ 23. And counsel for Cooler Master and Asetek then conferred in October 2020. *Id.* But

Cooler Master took no further action at that time. Cooler Master did not file its declaratory judgement complaint against Asetek until June 16, 2021, eight months later. And even then, Cooler Master did not notify Asetek or its counsel of the action until September 7, 2021, nearly three months after that (Bhattacharyya Decl., Ex. 1), even though Asetek and Cooler Master were actively engaged in the contempt proceeding before Judge Tigar concerning the same patents and products. Cooler Master did not seek to advance resolution of this dispute. Then, after notifying Asetek of this action on September 7, 2021, the parties agreed that Asetek would have three more months—until December 3, 2021—to respond to the complaint. Dkt. 15. The parties then twice stipulated to continuing the initial case management conference (*see* Dkts. 23, 25), which was ultimately held just two weeks ago (Dkt. 31). By failing to act with any urgency, Cooler Master has demonstrated that it would not suffer undue prejudice if this case were stayed this year pending resolution of the proceedings at the PTAB and the trial before Judge Chen.

At the initial case management conference, Cooler Master implied there is a "cloud" over Cooler Master's products from infringement allegations by Asetek. But if any such cloud exists (which is doubtful), it has existed for almost a year-and-a-half with minimal effort from Cooler Master to clear the air. Moreover, Cooler Master is a large company that sells many lines of products and product types. *See* www.coolermaster.com (offering power supplies, computer towers and cases, keyboards, mice, audio devices, chairs, monitors, air and liquid cooling, and more). The liquid cooling products at issue in this case represent only a very small part of Cooler Master's overall business, so any purported "cloud" over a small subset of its products would not unduly prejudice Cooler Master's business or client relationships.

This case is differently situated from most cases in which a stay is requested. Usually, it is the accused infringer who has filed an IPR and seeks to defer resolution of the case before the district court, so that the court has to weigh the efficiency to be gained from waiting for resolutions of other proceedings against the patentee's right to exclusively practice its invention. But here, the roles are reversed. Cooler Master will be allowed to continue infringing Asetek's patent rights, and will not suffer prejudice from doing so. Indeed, Cooler Master has not presented any evidence showing that it has lost business or that any of its client relationships have been affected by the

alleged "cloud." Conversely, Asetek would be prejudiced if forced to litigate claims that may be invalidated. *See Anza*, 2018 WL 4859167, at *2.

Cooler Master will suffer no undue prejudice from a stay of this case, and so this factor also weighs in favor of staying the case.

## IV. CONCLUSION

For all the reasons stated above, Asetek respectfully requests that the Court grant this motion to stay the case pending completion of the *inter partes* review of the Asetek patents included in this case and the Asetek v. CoolIT jury trial in July.

Dated: February 9, 2022

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

By:   */s/ Arpita Bhattacharyya*
Arpita Bhattacharyya
*Attorneys for Defendant and Counterclaimant*
*ASETEK DANMARK A/S*