UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOLER MASTER CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASETEK DANMARK A/S,<br><br>Defendant. | Case No. 21-cv-04627-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 34 |

In June 2021, Plaintiffs Cooler Master Co., Ltd. and CMI USA, Inc. (collectively "Cooler Master") filed a complaint against Asetek Danmark A/S ("Asetek") seeking a declaratory judgment that Cooler Master is not infringing seven Asetek patents. *See* Dkt. No. 1. In December 2021, Asetek filed counterclaims, which it later amended, against Cooler Master Co., Ltd. and CMI USA, Inc. alleging they had infringed two Asetek patents. *See* Dkt. Nos. 20, 26.

Now pending before the Court is Asetek's motion to stay pending *inter partes* review ("IPR"), briefing for which is complete. Dkt. Nos. 34 ("Mot."), 38 ("Opp."), 39 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** Asetek's motion to stay.

**I.     BACKGROUND**

Cooler Master seeks a declaratory judgment of non-infringement regarding seven patents: 8,240,362 (the "'362 patent"), 8,245,764 (the "'764 patent"), 9,733,681 (the "'681 patent"), 10,078,354 (the "'354 patent"), 10,078,355 (the "'355 patent"), 10,599,196 (the "'196 patent"), and 10,613,601 (the "'601 patent"). *See* Dkt. No. 1. According to Cooler Master, the patents consist of two patent families. The first is the '362 patent family, which includes patents '354 and '601. *Id.* ¶ 18. The second is the '764 family, which includes patents '681, '355, and '196. *Id.* Asetek's counterclaims for patent infringement concern the '362 and '764 patents. Dkt. No. 20 at

1   ¶¶ 12-13, 23-24.

2   Asetek alleges that five of the seven patents at issue in this case are also the subject of
3   instituted IPRs or appeals before the Federal Circuit as a result of separate litigation between
4   CoolIT Systems, Inc. ("CoolIT") and Asetek. Mot. at 3. For patents '681, '354, and '355, the IPR
5   proceedings resulted in final written decisions in August 2021, and appeals to the Federal Circuit
6   were filed in October 2021. *Id.* at 3-4. For patents '196 and '601, IPR proceedings were instituted
7   in December 2021, and final written decisions are expected by the end of this year. *Id.*; *see* 35
8   U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c). Additionally, Asetek represents that claims involving
9   the '196, '601, and '362 patents are set to go to trial before Judge Chen in *Asetek Danmark A/S v.*
10  *Coolit Systems Inc.*, Case No. 3:19-cv-00410-EMC. *Id.* at 4. A review of that case's docket
11  shows that trial is set for March 2023.

12  **II.    LEGAL STANDARD**

13  "Courts have inherent power to manage their dockets and stay proceedings, including the
14  authority to order a stay pending [IPR]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.
15  Cir. 1988) (internal citations omitted); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-
16  03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015). Courts consider three factors in
17  determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether
18  a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case;
19  and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-
20  moving party." *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2 (quoting *Evolutionary*
21  *Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan.
22  23, 2014)). The moving party bears the burden of demonstrating that a stay is appropriate. *DSS*
23  *Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May
24  1, 2015).

25  Courts in this district have often recognized "a liberal policy in favor of granting motions
26  to stay" pending IPR. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–cv–02168–EJD, 2011
27  WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011); *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2.
28  Courts, however, must evaluate stay requests on a case-by-case basis. *See GoPro, Inc. v. C&A*

United States District Court
Northern District of California

1  *Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *2 (N.D. Cal. June 15, 2017). And
2  whether to stay is always within the court's discretion.

3  **III.    DISCUSSION**

4      **A.    Factor 1: Stage of the Proceedings**

5      The first factor the Court considers is whether the litigation is at an early stage. *See AT&T*
6  *Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically,
7  courts consider "whether discovery is complete and whether a trial date has been set."
8  *Evolutionary Intelligence*, 2014 WL 261837, at *1.

9      Asetek contends that this factor favors a stay because the "case is indisputably in a very
10  early stage." Mot. at 5. Asetek represents that the parties have not engaged in any fact or expert
11  discovery or exchanged infringement or invalidity contentions. *Id.* The claim construction
12  process has not begun, no substantive or dispositive motions have been filed, and the Court has yet
13  to enter a case schedule. Cooler Master agrees that the case is at a relatively early stage. Opp. at
14  2.

15      Given the early stage of this litigation, the Court find that this factor weighs in favor of a
16  stay.

17      **B.    Factor 2: Simplification of the Case**

18      Asetek contends that "a majority of the patents Cooler Master brought into this action are
19  involved in already-instituted IPRs, appeals therefrom, and/or imminent jury trial, which strongly
20  favors a stay." Mot. at 7. Asetek argues that these proceedings will simplify the "issues in
21  question and trial of the case." *Id.* Cooler Master likewise agrees that the proceedings could
22  simplify this case and that the factor tends to favor a stay. *See* Opp. at 2-3.

23      The Court agrees that this factor weighs in favor of a stay. As other courts have noted, a
24  crucial consideration under this factor is the status of the institution decision. *See GoPro, Inc.*,
25  2017 WL 2591268, at *4. The PTAB issued final written decisions regarding three of the patents
26  at issue in this case, and those decisions are currently on appeal before the Federal Circuit. Mot. at
27  7. And since PTAB is expected to issue final written decisions on two additional patents by the
28  end of this year, *id.*, there is a real possibility that the IPR process, and the results of the pending

appeals, will simplify the case.

### C. Factor 3: Prejudice and Disadvantage

The final factor considers whether a stay would unduly prejudice the nonmoving party. Courts here consider whether the moving party engaged in dilatory tactics, such as seeking review in an untimely fashion. *See GoPro, Inc.*, 2017 WL 2591268, at *4. Courts address four considerations when evaluating prejudice: (1) the timing of the IPR petition; (2) the timing of the stay request; (3) the status of review; and (4) the relationship of the parties. *See SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015) (quoting *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508 (D. Del. 2012)).

#### i. Timing of IPR Petition and Request for Stay

Asetek answered Cooler Master's complaint and filed its counterclaims in December 2021. By that time, Asetek and CoolIT had already appealed PTAB's decisions regarding three of the patents at issue here. That same month, IPR proceedings for another two patents were instituted. On February 9, 2022, Asetek filed the instant motion to stay. Stays pending IPR can result in substantial delay in the district court proceeding, but the current record does not support a finding of purposeful delay or lack of diligence by Asetek. The Court finds that the timing of the IPR petition and motion to stay weighs in favor of a stay.

#### ii. Status of Proceedings

The IPR proceedings are well underway. For three of the patents, the proceedings have already resulted in final written decisions now being appealed. And the IPR proceedings for two other patents were instituted in December 2021 with final written decisions expected by December 2022. Given the advanced stage of the IPR proceedings, the Court finds that this consideration weighs in favor of a stay.

#### iii. Relationship of the Parties

Where parties are direct competitors, the risk of prejudice to the non-moving party is higher than it would be otherwise. *See TPK Touch Sols. Inc. v. Wintek Electro-Optics Corp.*, No. 13-cv-02218 JST, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013). However, courts in this

1    district require "evidence to substantiate an argument that direct competition will result in
2    prejudice to the non-moving party." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13–
3    CV–02013–JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (collecting cases).

4          Cooler Master represents that it and Asetek are "head-to-head competitors," and alleges
5    that Asetek "continues to poison the market" by broadcasting that Cooler Master is infringing on
6    Asetek's patents. Opp. at 2. Cooler Master argues that a stay in this case allows Asetek to
7    continue to "disparage" Cooler Master's products, which disparagement "can be expected to have
8    a chilling effect on Cooler Master's sales and harm Cooler Master's business relations, etc." *Id.* at
9    3.

10         Because of this, Cooler Master requests that the Court enjoin Asetek "from making *any*
11   assertions of infringement or violations of Court orders in the marketplace during the pendency of
12   the stay" and asks that Asetek "be required to post a bond in an amount according to proof during
13   the pendency of the stay." Opp. at 3. Cooler Master's request for an injunction is procedurally
14   improper and therefore denied. If it has a meritorious basis for seeking an injunction, Cooler
15   Master should file a motion and fully explain the grounds for its request. The Court also finds that
16   a bond is not warranted at this time, in significant part because Cooler Master's complaint seeks a
17   declaratory judgment, not monetary damages.

18         Asetek agrees that it is a direct competitor with Cooler Master, but argues that Cooler
19   Master "is a large company with many product lines, and that the liquid cooling products at issue
20   in this case represent only a very small part of Cooler Master's overall business." Reply at 4-5.
21   Asetek also argues that Cooler Master's lack of urgency in pursuing this case, like the eight-month
22   delay in filing its declaratory judgment complaint, demonstrates that Cooler Master "has not
23   suffered undue prejudice and will not suffer undue prejudice during a stay." Reply at 4-5; *see also*
24   Mot. at 8-9.

25         Although the parties are direct competitors, Cooler Master has offered no evidence to
26   substantiate its general assertions that a stay will result in competitive injury. Without at least
27   some probative evidence, the Court cannot credit Cooler Master's assertion of prejudice. The
28   Court finds that this consideration, at most, weighs weakly against a stay.

      **iv.    Conclusion as to Prejudice**

Balancing the factors, the Court finds that the prejudice and disadvantage factor does not weigh against or in favor of a stay.

## IV.    CONCLUSION

Having considered the relevant factors in their entirety, the Court finds in its discretion that a stay is warranted, and **GRANTS** Asetek's motion. The parties shall file a joint status report every six months from the date of this order to update the Court on the status of the appeals and the IPR proceedings. The parties shall also file a joint status report within five days of (1) the issuance of final written decisions regarding patents '196 and '601 or (2) a ruling by the Federal Circuit resolving the appeals regarding patents '681, '354, and '355. The Court will assess every six months whether lifting the stay is warranted.

**IT IS SO ORDERED.**

Dated: 6/14/2022

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge